IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ALFRED C. MICHEL, | ) | |
| Register No. 1005390, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4253-CV-C-SOW |
| | ) | |
| DAVID DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants in plaintiff's original and amended complaints are Dave Dormire, Mrs. Bronson, Mr. Gene James and Mr. Eduard, all of Jefferson City Correctional Center. Plaintiff alleges defendants are denying him his personal property from the prison property room.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff is granted provisional leave to proceed in forma pauperis on the basis of indigence, his claims should be dismissed, pursuant to the Prison Litigation Reform Act, for failure to state a claim on which relief can be granted.

Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981). Missouri provides adequate remedies to redress property damages. *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990); *Sours v. Armontrout*, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 347 (Mo. Ct. App. 1984). *See also Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 814 (Mo. Ct. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. *See Jackson v. Wilson*, 581 S.W.2d 39, 42-43 (Mo. Ct. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 1996).

Furthermore, plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West Supp. 1996). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for injunctive relief for the return of his property be denied [3, 16, 19].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 6th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge